IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIMINAL NO. 10-40017-GPM |
| | ) |
| | ) |
| RONALD E. MANIS, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On January 14, 2013, the Court heard the parties' arguments on both Defendant's notice of appeal (Doc. 83) and the Government's motion to revoke Defendant's bond (Doc. 113). Defendant was appealing the Judgment of Magistrate Judge Philip M. Frazier (Doc. 75) which revoked Defendant's probation.

Defendant, Mr. Manis was indicted on March 18, 2010 for four counts of failure to timely file federal income tax returns. After consenting to proceed before Judge Frazier, Mr. Manis pleaded guilty and was sentenced to five years of probation on each of the four counts, all to run concurrently, a $15,000 fine, $100 total special assessment, and $116,381.07 in restitution. In March of 2012, the Government filed a motion for revocation of Mr. Manis's probation, arguing that Defendant had committed further crimes through prohibited use of an electronic filer identification number with the Internal Revenue Service. Judge Frazier held a hearing on that motion and, finding Mr. Manis had violated the terms of his probation, entered Judgment for three-months of incarceration to be followed by one-year supervised release. Defendant

appealed, and on Defendant's motion, Chief Judge David R. Herndon entered a stay of mittimus on Mr. Manis's sentence, pending appeal to a District Judge. The undersigned was assigned the appeal, has thoroughly reviewed the transcript of Judge Frazier's May 7, 2012 revocation hearing, and considered the parties' arguments before the Court.

The basis of Defendant's argument is that Judge Frazier committed errors of law during the revocation hearing. Defendant contends that Judge Frazier misapprehended his discretion under 18 U.S.C. § 3565(a) and mistakenly believed that if he found Defendant had violated his probation he could *only* sentence him to incarceration, not continuing probation. Defendant points to the following exchange between defense counsel, Mr. Green, and the Court:

> MR. GREEN: Excuse me, Judge. Are you saying that you can't put him back on probation? Is that based on the factors or on the law?
>
> THE COURT: I think that it's –after—I think that if he is going to be incarcerated, which he is going to be, that we will be—he will then be subject to mandatory supervised release. And for this offense, this level of offense, one year of mandatory supervised release is it.

(Doc. 92, Transcript of Probation Revocation Proceeding, p. 62, ln. 5-13)

Particularly in context of the transcript as a whole, this Court cannot see how this exchange indicates any misapprehension of the law. Because Judge Frazier revoked Defendant's probation pursuant to 18 U.S.C. § 3565(a)(2), and proceeded to determine what Defendant's resultant term of supervised release would be, in no way shows that Judge Frazier was ignorant of 18 U.S.C. § 3565(a)(1), the option to continue probation. The Government's point at argument is well taken—as both Judge Frazier's original Judgment and his Judgment of revocation were below

what was called for in the Guidelines, it is clear that Judge Frazier was cognizant of the Court's discretion.

Per Southern District of Illinois Local Rule 73.1, governing appeal from judgments in misdemeanor cases, "the scope of the appeal shall be the same as on an appeal from a judgment of the District Court to the Court of Appeals." The Seventh Circuit reviews a district court's revocation "only for an abuse of discretion, and [] review[s] the district court's factual finding supporting that revocation for clear error." *United States v. Preacely,* No. 12-1714, 2012 WL 6062522 at *2 (7th Cir. December 7, 2012).

The record makes it clear that Judge Frazier correctly apprehended the law, correctly exercised his discretion and made no clear error. Defendant's appeal of the Judgment revoking probation and sentencing Defendant to three months incarceration is **DENIED** and the Judgment and sentence of Doc. 75 stands. As discussed at the January 14, 2013 hearing, Defendant shall be allowed to self-surrender, so the Government's motion to revoke bond is **DENIED**.

**IT IS SO ORDERED.**

DATED:   January 15, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge